**Quinton R. BEEKMAN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–500.**

Court of Appeals of Alaska.

Oct. 11, 1985.

Sen K. Tan, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

W.H. Hawley, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Quinton R. Beekman was convicted of burglary in the first degree, AS 11.46.300,[1] following a jury trial. He appeals to this court arguing that the trial judge, Judge Justin Ripley, erred in admitting evidence that Beekman, as a juvenile, had confessed to committing three burglaries. We reverse.

The facts are not in dispute. Beekman broke into the home of some neighbors. He was discovered in the master bedroom. He used a spray nozzle to break a window of a pickup truck parked outside the garage, and then he opened the garage door with an automatic door opener which he found in the truck. He then entered the house through the garage. Beekman did not take anything of value from the victims, nor did he disturb any of their possessions, except for the spray nozzle.

At trial, Beekman admitted that he had entered the house, but argued that he was not guilty of burglary because he had not entered the house with any intent to commit a crime. Beekman presented evidence that he was intoxicated, and also that his home, located nearby, was similar in appearance to the victim's home. Beekman did not testify.

The prosecution sought to show motive, intent, and lack of mistake by introducing, under A.R.E. 404(b), evidence of Beekman's juvenile confession to committing three

---

1. AS 11.46.300 states in part:
   (a) A person commits the crime of burglary in the first degree if the person violates AS 11.46.310 and
   (1) the building is a dwelling[.]

AS 11.46.310 states in part:
   (a) A person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime in the building.

burglaries.[2] Both counsel vigorously argued over the admissibility of the evidence. Judge Ripley allowed the evidence, but he gave a limiting instruction that cautioned the jury on the use of the evidence.

It appears to us that this case is governed by *Oksoktaruk v. State*, 611 P.2d 521 (Alaska 1980). In that case, Oksoktaruk and Donald Mack were found inside a business, Kelly's Photo Lab. Oksoktaruk told the police officer who arrested him that he entered the building to get warm and sleep. No property was found missing from the business.

At trial, Mack testified against Oksoktaruk and stated that they entered the photo lab with the intent to steal merchandise. Oksoktaruk did not testify or present evidence, but the police officer he talked to told the jury of the statement that Oksoktaruk made at the time of his arrest. Over an objection, the state introduced evidence that Oksoktaruk had committed a prior burglary. The state introduced the fact of the prior burglary to show Oksoktaruk's intent to steal when he entered the photo lab. Oksoktaruk was convicted. The supreme court reversed, holding that the trial judge erred in allowing evidence of the prior burglary conviction to go to the jury. In reversing, the court stated the following:

> The danger inherent in informing a jury that defendant has committed a prior criminal act is self-evident: it is all too likely that a determinative inference of present guilt will be drawn from the fact of the prior act, thus diluting the requirement that present guilt be proved beyond a reasonable doubt. As a result, even though a prior crime may show a propensity on the part of a defendant to commit crimes, which in turn is relevant to the question of present guilt, it is a presumption in our law that the prejudicial effect of introducing a prior crime outweighs what probative value may exist with regard to propensity. No case by case balancing is permitted; a prior crime may not be admitted to show propensity.
>
> When a prior act is relevant to prove a material fact, however, we have recognized that in certain instances its probative value may be greater than its value in proving propensity, and may then outweigh its prejudicial impact. In such cases the trial court must balance the competing interests. In this case the trial judge found that intent was a contested issue, that the state needed the relevance of the prior burglary in light of the "reasonable doubt" created by the other evidence going to intent, and that the prejudicial impact of the prior burglary would not be such that the jurors' passions would be aroused against the defendant. We are in substantial disagreement with this assessment.
>
> This court's decisions have consistently been in accordance with the view that, notwithstanding its many exceptions, the rule regarding evidence of prior crimes is a "rule of exclusion of evidence and not one of admission...." *See United States v. Burkhart*, 458 F.2d 201, 204 (10th Cir.1972). If prior crimes were found admissible whenever offered to prove a fact classified as material to the prosecution's case, "the underlying policy of protecting the accused against unfair prejudice ... [would] evaporate through the interstices of the classification." [Footnotes omitted. Citation omitted.]

*Oksoktaruk*, 611 P.2d at 524.

The court reviewed various Alaska cases and summarized the rule concerning the

---

**2.** Alaska Rule of Evidence 404(b) states:

    (b) *Other Crimes, Wrongs, or Acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Also relevant is A.R.E. 403 which states:

    Although relevant, evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

admission of prior crimes as evidence as follows:

> Our cases are thus in accord with the orientation of a leading treatise-writer, who urges that a prior crime be "so related to the crime charged in point of time or circumstances that evidence thereof is significantly useful in showing the defendant's intent in connection with the crime charged," before evidence of the prior crime is judged more probative than prejudicial. [Footnotes omitted.]

*Id.* at 525. The court then noted that there was no particular similarity between Oksoktaruk's first burglary, committed two years before, and his current burglary. The court therefore held that the trial judge erred when he admitted evidence of the previous burglary. *Id.*

We interpret *Oksoktaruk* as creating a strong presumption against the use of evidence that the defendant has committed a prior burglary to show that he had an intent to steal in another burglary charge. The supreme court appears to have concluded that, as a matter of law, the danger is generally too great that the jury will use the prior burglary conviction to conclude that the defendant has a propensity to commit burglaries.

The state has argued that Beekman's former burglaries were similar to the present burglary charge, and therefore Judge Ripley could properly have admitted them under *Oksoktaruk*. According to the state's argument, the prior burglaries were similar to the present burglary because all of the burglaries occurred within a two-block radius of Beekman's house. Beekman apparently took money which he found in drawers in the master bedrooms and apparently did not steal other valuables. The state argues that this is similar to the present burglary because Beekman was found in the master bedroom, from which it is reasonable to infer that he was looking for money. Beekman points out that the former burglaries were juvenile offenses which occurred when Beekman was fourteen, four years before the present offense. Additionally, he points

out that, unlike in the present offense, in the former burglaries the method of entry was different and the houses were ransacked. The state counters that Beekman was apprehended before he could ransack the house.

We do not believe that the similarities between Beekman's former burglaries and the present offense are substantial enough to overcome the presumption against admissibility established in *Oksoktaruk*. The similarities which the state argues appear to us to be the kind of similarities which would frequently be present in cases such as this. The prior crimes are not "so related to the crime charged in point of time or circumstances that evidence thereof is significantly useful in showing the defendant's intent in connection with the crime charged." *Id.* at 525. We accordingly conclude that Judge Ripley erred in allowing the state to show Beekman's prior burglary admissions. We accordingly reverse Beekman's conviction.

REVERSED.